```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
LONNIE KNOX,                                                 :
                              Plaintiff,                     :
                                                             :      22 Civ. 3423 (LGS)
              -against-                                      :
                                                             :      ORDER
LMC TRUCKING CORP., ET AL.,                                  :
                              Defendant.                     :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on April 28, 2022, Defendants filed a Notice of Removal (Dkt. No. 4);

      WHEREAS, the Notice of Removal failed to allege the citizenship of Plaintiff and Defendant Jorge A. Panchame, and to the extent the Notice of Removal alleged Plaintiff's residence failed to allege the relevant time period, and failed to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount;

      WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal, and may *sua sponte* remand a case at any time for lack of subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006); *accord Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647, 2021 WL 2852039, at *1 (S.D.N.Y. July 8, 2021);

      WHEREAS, a Notice of Removal should allege the citizenship of the parties both at the time of the commencement of the action, and at the time of the Notice of Removal. "[T]he general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is sought to federal court." *Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003); *see also United Food & Com. Workers Union, Loc. 919 v.*

*CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

WHEREAS, "[c]itizenship for diversity purposes depends on domicile, not residency," *Henry v. Gershan*, No. 20 Civ. 6133, 2020 WL 7625164, at *2 (S.D.N.Y. Dec. 22, 2020), and "residence alone is insufficient to establish domicile," *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019);

WHEREAS, "[w]hen a case is removed from state court based on federal diversity jurisdiction, the removing party must establish that the amount in controversy exceeds the $75,000 jurisdictional threshold required under 28 U.S.C. § 1332(a)." *Valentin*, 2021 WL 2852039, at *1 (citing *Cavaleri v. Amgen Inc.*, No. 20 Civ. 1762, 2021 WL 878555, at *2 (E.D.N.Y. Mar. 8, 2021), in turn citing *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)); *accord Herlihy v. Hyatt Corp.*, No. 20 Civ. 10885, 2022 WL 826151, at *2 (S.D.N.Y. Mar. 18, 2022);

WHEREAS, "[i]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Valentin*, 2021 WL 2852039, at *1 (quoting *Lupo*, 28 F.3d at 273-74); *accord Herlihy*, 2022 WL 826151, at *3;

WHEREAS, the removing party does not establish diversity jurisdiction simply because it "baldly claims in the removal papers that this 'is a civil action seeking damages exceeding $75,000.'" *Herlihy*, 2022 WL 826151, at *2; *see* Dkt. No. 4 at ¶¶ 7-8.

WHEREAS, as in *Herlihy*, Defendants "do[] not even cite in [their] Notice of Removal the generalized allegations" in the Complaint, 2022 WL 826151, at *2, such as that Plaintiff "was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain; was and is

2

internally and externally injured; will continue to endure great pain and suffering; and has sustained and will continue to sustain general and special damages, economic losses, and non-economic losses." Dkt. No. 4-1 at ¶ 23. "Even if [they] had done so, those generalized and conclusory allegations do not permit the Court to draw the reasonable inference that the amount in controversy requirement is met." *Herlihy*, 2022 WL 826151, at *2 (collecting cases);

WHEREAS, "Plaintiff's allegation that [he] 'was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction' does not establish the requisite amount in controversy. That language clearly 'is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts.'" *Valentin*, 2021 WL 2852039, at *2 (citation omitted); *see* Dkt. No. 4-1 at 5;

WHEREAS, Plaintiff's allegation that he "has sustained economic loss greater than basic economic loss and/or serious injury as defined in the Insurance Law of the State of New York" does not establish the requisite amount in controversy, because "Serious injury" is not defined by reference to a dollar value, and "'Basic economic loss' means, up to fifty thousand dollars per person," and there is no allegation that Plaintiff exercised the additional option to purchase, for an additional premium, an additional twenty-five thousand dollars of coverage." N.Y. Ins. Law § 5102(a)(5), (d); *see, e.g., Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, No. 19 Civ. 4390, 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019). It is hereby

**ORDERED** that the matter is remanded to state court. Pursuant to section 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Order to the Supreme Court of the State of New York, Bronx County. The Clerk of Court is further directed to close the case.

Dated: May 2, 2022
      New York, New York

                                          **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**